ANGELA LIZADA (SBN 1163)
alizada@lawhhp.com
CHRISTINE M. EMANUELSON (SBN 10143)
cemanuelson@lawhhp.com
**HINES HAMPTON PELANDA LLP**
711 South 9th Street
Las Vegas, Nevada 89101
Tel.:   (702) 933-7829
Fax:   (702) 947-1709

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHOWNING,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA; ALLIED INSURANCE COMPANY OF AMERICA; NATIONWIDE AGRIBUSINESS INSURANCE COMPANY; TITAN INSURANCE COMPANY INC.; VICTORIA FIRE & CASUALTY COMPANY and DOES I – V, and ROE CORPORATIONS I – V, inclusive,<br><br>Defendants. | **Case No.:** 22-cv-00798-CDS-EJY<br><br><br>**STIPULATION AND PROTECTIVE ORDER** |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**IT IS HEREBY STIPULATED AND AGREED** to, by and between the parties to this action, Plaintiff Richard Chowning and Defendants Nationwide Insurance Company of America, Nationwide Agribusiness Insurance Company, Titan Insurance Company Inc., Victoria Fire & Casualty Company, and Depositors Insurance Company (collectively

referred to herein as "Defendants"), through their respective attorneys of record, that certain documents produced in connection with discovery proceedings in this action shall be subject to the following confidentiality agreement (the "Agreement"):

**1.      PURPOSES AND LIMITATIONS:**

Discovery in this action involves production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation is warranted. Accordingly, Defendants and Plaintiff (jointly, the "parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.      ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE:**

The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Local Civil Rule 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006).  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the

2
STIPULATION AND PROTECTIVE ORDER

confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**3.     DEFINITIONS:**

    3.1     Action:  This pending lawsuit.

    3.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    3.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Nevada Revised Statutes</u> 49.325, *et seq.* and Federal Rule of Civil Procedure 26(c), and which the respective Designating Party is producing to the other parties pursuant to discovery requests and procedures while the above-referenced action is pending.

    3.4     Counsel:  Counsel of Record (as well as their support staff).

    3.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    3.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

    3.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    3.8      House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    3.9     Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

    3.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this

Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

3.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.     SCOPE:**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities.  This Order does not govern the use of Protected Material at trial.

**5.     DURATION:**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed

otherwise are made to the trial judge in advance of the trial.  See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**6.     DESIGNATING PROTECTED MATERIAL:**

6.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

1  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a
2  portion of the material on a page qualifies for protection, the Producing Party also must
3  clearly identify the protected portion(s) (e.g., by making appropriate markings in the
4  margins).
5      A Party or Non-Party that makes original documents available for inspection need
6  not designate them for protection until after the inspecting Party has indicated which
7  documents it would like copied and produced.  During the inspection and before the
8  designation, all of the material made available for inspection shall be deemed
9  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants
10 copied and produced, the Producing Party must determine which documents, or portions
11 thereof, qualify for protection under this Order.  Then, before producing the specified
12 documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page
13 that contains Protected Material. If only a portion of the material on a page qualifies for
14 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
15 making appropriate markings in the margins).
16      (b) for testimony given in depositions that the Designating Party identifies
17 the Disclosure or Discovery Material on the record, before the close of the deposition all
18 protected testimony.
19      (c) for information produced in some form other than documentary and for
20 any other tangible items, that the Producing Party affix in a prominent place on the exterior
21 of the container or containers in which the information is stored the legend
22 "CONFIDENTIAL."  If only a portion or portions of the information warrants protection,
23 the Producing Party, to the extent practicable, shall identify the protected portion(s).
24      6.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure
25 to designate qualified information or items does not, standing alone, waive the Designating
26 Party's right to secure protection under this Order for such material. Upon timely
27 correction of a designation, the Receiving Party must make reasonable efforts to assure
28 that the material is treated in accordance with the provisions of this Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS:

7.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time and in a manner that is consistent with the Court's Scheduling Order and Local Rules.

7.2 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL:

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

**10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL:**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**11.     MISCELLANEOUS:**

11.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material.  Any party seeking to file any Confidential Documents under seal in connection with a motion, trial, or appeal in this action, must file a motion to seal and must comply with the Ninth Circuit's directions in Kamakana, 447 F.3d 1172 (9th Cir. 2006), must comply with Local Rule 10-5, and must have an

independent basis of good cause or compelling reasons to file such document under seal. L.R. 10-5(a) provides:

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number 2:15-cv-869-RFB-(VCF): "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ____)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

Additionally, if any of the parties wish to file a Confidential Document with the Court, any requirements contained in any Standing Order of the Court must be strictly followed.

## 12. FINAL DISPOSITION:

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that

contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

13. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October __, 2022       **HINES HAMPTON PELANDA LLP**

                              By:  /s/ *Christine Emanuelson*
                                   Angela Lizada
                                   Christine Emanuelson
                                   Attorneys for Defendants NATIONWIDE INS. CO. OF AMERICA, ALLIED INS. CO. OF AMERICA, VICTORIA FIRE & CAS. CO., NATIONWIDE AGRIBUSINESS INS. CO., and DEPOSITORS INSURANCE COMPANY

Dated: October __, 2022       **LAW OFFICE OF DAVID SAMPSON**

                              By:  /s/ *David Sampson*
                                   David Sampson
                                   Attorney for Plaintiff Richard Chowning

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: January 24, 2023

_____
Honorable Elayna J. Youchah
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2022 in the case of *Richard Chowning v. Nationwide Ins. Co. of Am., et al*, U.S. District Court Case No. 22-cv-00798-CDS-EJY.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____