CHRISTINE M. EMANUELSON (SBN 10143)
cemanuelson@lawhhp.com
NICOLE M. HAMPTON (SBN 16090)
nhampton@lawhhp.com
BRIAN PELANDA
Pro Hac Vice, California Bar No. 278453
bpelanda@lawhhp.com
**HINES HAMPTON PELANDA LLP**
400 South 4th Street
Las Vegas, Nevada 89101
Tel.:   (702) 933-7829
Fax:   (702) 947-1709

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHOWNING,<br><br>　　　　Plaintiff<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA, *et al.*,<br><br>　　　　Defendants | Case No.:  2:22-cv-00798-CDS-EJY<br><br>**STIPULATION AND ORDER TO STAY THE PROCEEDINGS IN THIS CASE** |

    Plaintiff Richard Chowning ("Plaintiff") and Defendants Nationwide Insurance Company of America, Allied Insurance Company of America, Nationwide Agribusiness Insurance Company, Titan Insurance Company, Victoria Fire & Casualty Company, and Depositors Insurance Company (collectively "Defendants"), by and through their attorneys of record, submit the following stipulation and proposed order to stay the proceedings in this case.

## Relevant Background

1. This case stems from an underlying tort action that a third-party named Deeanna Parks initiated against Plaintiff Richard Chowning on February 29, 2016, in the District Court of Clark County entitled <u>Deeanna Parks v. Richard Chowning</u>, Case No. A-16- 732611-C (the "Underlying Action").

2. Chowning's liability insurer appointed counsel to defend him in the Underlying Action.

3. On April 7, 2022, a jury in the Underlying Action rendered a verdict in favor of Parks and against Chowning in the sum of $8,913,597.17.

4. On April 22, 2022, the court in the Underlying Action entered judgment on the jury's verdict against Chowning in the sum of $9,887,625.33.

## Commencement of This Action

5. Richard Chowning commenced the present action against Defendants on April 20, 2022, in the District Court of Clark County.

6. Generally speaking, Chowning's present suit alleges that Defendants are his liability insurers and that they are obligated to indemnify him for the full amount of the judgment in the Underlying Action on grounds that they wrongfully failed to settle Ms. Parks' claim against him within his policy's limit of liability.

7. On May 19, 2022, Defendants removed the present action to this Court on grounds of diversity jurisdiction.

8. On June 6, 2022, Defendants (with the exception of Depositors, who did not appear until later) filed answers to the complaint in which they denied any obligation to indemnify Chowning for the judgment in the Underlying Action. Depositors then appeared in this action by filing an answer on September 7, 2022.

## The Proceedings in the Underlying Action Remain Ongoing

9. Recently, on February 22, 2023, Chowning's defense counsel in the Underlying Action filed a notice of appeal. [See Doc. 91-8 (Notice of Appeal).] The appeal is presently pending before the Nevada Supreme Court.

10. On February 24, 2023, Parks' counsel in the Underlying Action filed a motion for reconsideration of the trial court's order denying her motion for attorneys' fees. [See Doc. 91-11.] That motion remains pending as of the date of this stipulation.

### Present Status of This Case

11. According to the operative scheduling order in this case, the present deadline to complete discovery is June 16, 2023. [See Doc. 78.]

12. To date the parties have engaged in substantial written discovery and motion practice, with several of motions presently pending before the Court, but we have not yet completed any depositions.

13. The parties intend to complete several fact witness and expert witness depositions prior to the conclusion of the discovery period. As of today, the parties presently have the depositions of certain witnesses scheduled to take place over the next month, including one deposition on April 25th, two depositions on April 27th, and one on May 9th.

### Defendants Recently Moved the Court to Stay this Action

14. On March 29, 2023, Defendants filed a motion in this Court to stay the proceedings in this case pending the resolution of the appeal in the related Underlying Action. [See Doc. 96.]

15. Defendants' motion requests a stay of the proceedings in this case on grounds that: (a) the outcome of the appeal in the Underlying Action bears directly on the issues in this case because it could potentially moot the claims against Defendants in this case; and (b) they are concerned that any further discovery proceedings in this case, including the upcoming depositions, will prejudice the ongoing defense of the Underlying Action. [See Doc. 96.]

### The Parties Now Stipulate to Stay these Proceedings

16. On April 6, 2023, Chowning's counsel and Defendants' counsel met and conferred over Defendants' present motion to stay these proceedings and the depositions of

1  the various witnesses that the parties anticipate completing in this case over the next 30-45
2  days.  Counsel agree that a stay of the proceedings in this action is warranted.
3       17.    Thus, the parties jointly request that the Court stay the proceedings in this
4  case until the resolution of the appeal in the Underlying Action.

### Authority to Stay These Proceedings

6       18.    "Generally, courts have an inherent power to stay proceedings before them."
7  Tethyan Copper Company Pty Limited v. Islamic Republic of Pakistan, 590 F.Supp.3d
8  262, 269 (D.D.C. 2022).  "[T]he power to stay proceedings is incidental to the power
9  inherent in every court to control the disposition of the causes on its docket with economy
10 of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S.
11 248, 254–55 (1936).
12      19.    "A trial court may, with propriety, find it is efficient for its own docket and
13 the fairest course for the parties to enter a stay of an action before it, **pending resolution**
14 **of independent proceedings which bear upon the case**." Levya v. Certified Grocers of
15 California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).  "This rule applies whether the
16 separate proceedings are judicial, administrative, or arbitral in character, and does not
17 require that the issues in such proceedings are necessarily controlling of the action before
18 the court."  Id.  "In such cases the court may order a stay of the action pursuant to its
19 power to control its docket and calendar and to provide for a just determination of the
20 cases pending before it."  Id. at 864.

### Requested Order

22      20.    The parties request that the Court stay all proceedings in this case until the
23 resolution of the appeal in the Underlying Action.
24      21.    Upon resolution of the appeal in the Underlying Action, the parties will
25 notify this Court in writing within 30 days and set forth their respective positions as to
26 whether a further stay of these proceedings is necessary.  If the parties agree upon
27 resolution of the appeal in the Underlying Action that no further stay of these proceedings
28 is necessary, the parties will jointly submit a proposed schedule for the completion of

discovery in this action along with a proposal for the other remaining pre-trial deadlines, i.e., the filing of dispositive motions, the filing of FRCP 26(a)(3) disclosures, and the filing of the Pretrial Order.

Dated this 11th day of April, 2023                    Dated this 11th day of April, 2023

**LAW OFFICE OF DAVID SAMPSON**                       **HINES HAMPTON PELANDA LLP**

By: */s/ David Sampson*                               By: */s/ Brian Pelanda*
David F. Sampson, Esq.                                Christine M. Emanuelson, Esq.
Nevada Bar No. 6811                                   Nicole Hampton, Esq.
630 S. 3rd Street                                     Brian Pelanda, Esq.
Las Vegas, NV 89101                                   400 South 4th Street
Tel: (702) 605-1099                                   Las Vegas, NV 89101
david@davidsampsonlaw.com                             bpelanda@lawhhp.com

*Attorney for Plaintiff*                              *Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** _____April 11, 2023_____