UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Richard Chowning, | Case No. 2:22-cv-00798-CDS-EJY |
| Plaintiff | **Order Overruling Plaintiff's Objection, Adopting the Magistrate Judge's Report and Recommendation, and Denying Plaintiff's Motion** |
| v. | |
| Nationwide Insurance Co. of America, et al., | |
| Defendants | [ECF Nos. 33, 36, 39, 69, 74] |

    This is an insurance bad faith and related claims action brought by plaintiff Richard Chowning against defendants Nationwide Insurance Company of America, Allied Insurance Company of America, and Victoria Fire & Casualty Company, Titan Insurance Company and Depositors Insurance Company, Inc. (collectively, "Nationwide"). Nationwide removed this action from the Eighth Judicial District Court, Clark County, Nevada, on May 19, 2022, on the basis of diversity jurisdiction. Pet., ECF No. 1. The parties recently entered a joint stipulation to: (1) reopen discovery for the limited purpose of conducting discovery on Nationwide's new cooperation defense; (2) continue the dispositive motion deadline; and (3) grant Chowning leave to serve eight additional interrogatories related to Nationwide's new cooperation defense. Stip., ECF No. 115; Min. order approving stip., ECF No. 116. As part of that stipulation, the parties were ordered to file a status report regarding their pending motions.[1] ECF No. 116. Then, on November 17, 2025, the parties filed a joint status report withdrawing Chowning's motion for summary judgment (ECF No. 12) and Nationwide's motion for leave to file excess pages (ECF No. 113). *See* Status rep., ECF No. 117; Min. order striking mots., ECF No. 118.[2]

---

[1] ECF Nos. 12, 113.
[2] Because two of Chowning's pending motions are associated with the now-withdrawn motion for summary judgment, I deny as moot the related motions for leave. ECF Nos. 33, 36.

Two matters remain outstanding before me: (1) Chowning's second motion to amend the complaint (ECF No. 39); and (2) Chowning's objection to the magistrate judge's report and recommendation (R&R) (ECF No. 74). Nationwide responded to the objections. Resp., ECF No. 86. For the reasons set forth herein, I overrule Chowning's objection, adopt the R&R in full, and deny the motion for leave to amend the complaint.

I.   Background

I incorporate by reference the relevant facts and procedural background provided in the R&R. *See* ECF No. 69 at 1–6.

II.  Legal standard

"Any party wishing to object to a magistrate judge's findings and recommendations . . . must file and serve specific written objections with supporting points and authorities." Local Rule IB 3-2(a). When a party timely objects to a magistrate judge's R&R, the court is required to "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

III. Discussion

Chowning objects to the R&R, asserting that Judge Youchah wrongly concluded that insurers are not required to initiate settlement negotiations with third-party claimants under Nevada law. Relying on California law, Chowning asserts that Nevada should recognize a "potential claim" for bad faith for failing to "pursue" settlement negotiations even when no demand is made. *See* ECF No. 74 at 3. He contends that the R&R should be rejected because it constitutes a "blanket rule that a[n insurance] carrier has no duty to explore potential settlement opportunities 'pre-demand,'" which is contrary to California law. *Id.* at 6. Chowning further argues that he has an actionable claim against the defendants because Nationwide failed to advise the third party as to its policy limits after receiving a letter from the third-party's

counsel requesting this information within the thirty-day timeframe provided for in Nevada Administrative Code (NAC) 686A.670. *See id.* at 5.

The defendants respond that the R&R should be adopted in full. *See* ECF No. 86. They argue that Chowning has failed to cite any authority that supports "the new theory of liability set forth in his proposed amended complaint." *Id.* at 2. They also argue that Chowning's amended complaint does not allege any theory of liability based on a letter of representation or a request for disclosure of the policy's limits sent shortly after the underlying accident.[3] *Id.*

Having conducted a de novo review, I overrule Chowning's objection. Judge Youchah correctly analyzed a key issue in denying Chowning's leave to amend—whether a failure to initiate a settlement offer to a third party early in a case and pre-demand is the basis upon which a violation of an insurer's legal obligations may be alleged. ECF No. 69 at 8. After considering the arguments of the parties, I find that Judge Youchah properly denied Chowning's motion to amend as futile because Chowning cannot bring a bad faith claim against an insurer based on a failure to initiate settlement discussions *before* receiving a demand from a third party.

In rendering her recommendation, Judge Youchah properly considered and applied the Restatement of the Law, Liability Insurance, § 24, comment f. That section adopts a reasonableness standard in regard to insurers obligations to make settlement offers. As recognized in the R&R, this is not dispositive but relevant to the determination that granting Chowning's leave to amend would be futile.

---

[3] The underlying motorcycle accident that injured Chowning's then-domestic partner, Deeana Parks, occurred on February 21, 2015. First am. compl. (FAC), ECF No. 25 at ¶¶ 8–9. As alleged in the FAC, counsel for Parks "sent a letter to [Defendants] wherein [she] offered to resolve her claim against [Chowning] for the applicable insurance policy limits[.]" *Id.* at ¶ 10; ECF No. 25-1 at 1–2. That letter further stated that "[Parks] is willing [to] enter into our settlement agreement containing a covenant not to execute in favor of your insured for the policy limits provided that you have the same in my office within thirty (30) days together with proof that those are the only funds available to provide compensation to my client for this incident." ECF No. 25-1 at 1. Nationwide did not accept Parks' offer to settle her claim for the policy limits.

Further, as found by Judge Youchah, there is no law in Nevada or California which stands for the proposition that a bad faith claim exists when an insurer fails to initiate settlement discussions before receiving a demand from a third party. *See* ECF No. 69 at 9–10 (first citing *Sharp v. Evanston Ins. Co.*, 817 Fed. App'x 317, 320 (9th Cir 2020); then citing *Reid v. Mercury Ins. Co.*, 162 Cal. Rptr. 3d 894, 906 (Cal. App. 2d Dist. 2013) (explaining that California law suggests that an insurer's mere failure to initiate or pursue settlement discussions in a third-party case does not incur bad faith liability)).

In sum, Judge Youchah's R&R is thoroughly well-reasoned. And the arguments and cases cited by Chowning are insufficient to demonstrate that the R&R's findings and recommendations are erroneous. I therefore overrule Chowning's objection, adopt the R&R in full, and deny Chowning's motion to amend his complaint.

## IV. Conclusion

IT IS HEREBY ORDERED that Chowning's objection to the R&R **[ECF No. 74] is OVERRULED**, and the magistrate judge's report and recommendation [ECF No. 69] is **accepted and adopted in its entirety**; therefore, Chowning's second motion to amend **[ECF No. 39] is DENIED**.

IT IS FURTHER ORDERED that Chowning's motion to supplement his motion for summary judgment **[ECF No. 33]** and his second motion to supplement his motion for summary judgment **[ECF No. 36] are DENIED as moot.**

Dated: December 1, 2025

_____
Cristina D. Silva
United States District Judge

4